# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2014

Lyle W. Cayce
Clerk

BORMIO INVESTMENTS, INCORPORATED,

Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for CitiGroup
Mortgage Loan Trust 2007-WFHE4, Asset-Backed Pass Through
Certificates, Series 2007-WFHE4

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-965

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

In this case alleging violations of the Texas constitution arising from a
mortgage transaction, Bormio Investments appeals from the district court's
final judgment granting Defendant's motion for summary judgment based
upon the statute of limitations. The parties acknowledge our decision in
*Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673-74 (5th Cir.), *cert.*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

*denied*, 134 S. Ct. 196 (2013) holding that the statute of limitations for such claims is four years under Texas law.  More than four years passed between the date of the alleged violations and the date the lawsuit was filed.  Therefore, Defendant argues that *Priester* is dispositive and that Bormio's appeal is frivolous.  Defendant filed a motion seeking sanctions for a frivolous appeal.

For its part, Bormio does not dispute that if *Priester* applies, the statute of limitations has run.  Instead, it argues that the subsequent Texas Supreme Court case of *Finance Commission of Texas v. Norwood*, 418 S.W.3d 566 (Tex. 2014) demonstrates that *Priester* was wrongly decided.  Although *Norwood* addresses the same section of the Texas constitution as the one at issue here, it has nothing to do with the statute of limitations.  *Id*.  Neither party has cited, and we have not located, any case that would represent an intervening change in the law allowing us to reconsider *Priester*; accordingly, under our rule of orderliness, we are bound by *Priester*.  *See Jacobs v. Nat' Drug Intelligence Ctr.*, 548 F.3d 375 (5th Cir. 2008)("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law . . . .").  The district court did not err in granting a summary judgment to Defendant.

Although we caution Bormio's attorneys not to file frivolous appeals, we conclude that sanctions are not warranted in this case.  Accordingly, the judgment of the district court is AFFIRMED.  The motion for sanctions on appeal is DENIED.