# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-10759

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

CORDELL DAVIS, Individually; ANTOINETTE TURNER, as next friend J. T. T., a minor,

      Plaintiffs - Appellants

v.

CITY OF FORT WORTH,

      Defendant - Appellee

------------------------------------------------------------------------------------------------------------

LESLEE MARIE MARTIN, as next friend C. T. T., a minor; ALICIA DE'SHON WHITE, as next friend T. L. T., a minor; PATRICIA THOMAS, as next friend D. M. G., a minor,

      Plaintiffs-Appellants

v.

CITY OF FORT WORTH,

      Defendant-Appellee

————

Appeal from the United States District Court
for the Northern District of Texas
4:13-CV-198
4:13-CV-234

————

No. 14-10759

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

City of Fort Worth Police Officer Jon Romer ("Romer") shot and killed Charal Thomas ("Thomas") while attempting to arrest him following a traffic stop. Plaintiffs Cordell Davis ("Davis"), a passenger in Thomas's car, and Thomas's four children filed lawsuits against Romer and the City of Fort Worth (the "City"), alleging, among other claims, that Romer violated their Fourth Amendment rights through the use of excessive force, and that the use of such force is a policy or practice of the City's police department.[1] The district court found that Romer did not violate plaintiffs' Fourth Amendment rights and granted summary judgment to Romer on the basis of qualified immunity. The court later granted summary judgment to the City. Plaintiffs appealed both judgments. The judgment in favor of the City is now before us; the judgment in favor of Romer came before another panel of this court.

"Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to official custom or policy." *Piotrowski v. City of Hous.*, 237 F.3d 567, 579 (5th Cir. 2001). To prevail on an excessive force claim under section 1983, a plaintiff must show: "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks omitted). "The ultimate determination of Fourth Amendment objective reasonableness

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Plaintiffs Davis and J.T.T., one of Thomas's minor children, filed a lawsuit against Romer and the City; Thomas's three other minor children (each acting through a next friend) also filed a lawsuit against Romer and the City. The district court consolidated the two lawsuits.

No. 14-10759

is a question of law." *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008) (internal quotation marks and alteration omitted).

The panel that considered plaintiffs' appeal of the district court's grant of summary judgment to Romer held that "Romer's use of force was objectively reasonable," and, accordingly, plaintiffs "have not shown a Fourth Amendment violation." *Davis v. Romer*, No. 13-11242, 2015 WL 409862, at *5 (5th Cir. 2015) (per curiam) (affirming the district court's judgment that Romer was entitled to qualified immunity).  We are bound by the prior panel's determination.  *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law . . . .").  Because the prior panel affirmed the district court's holding that Romer's use of force did not violate the Fourth Amendment, plaintiffs cannot maintain a section 1983 claim against the City alone.  *See, e.g.*, *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010) (explaining that a municipality cannot be held liable under section 1983 if no constitutional violation has been committed by a municipal actor).  The district court's grant of summary judgment to the City is AFFIRMED.