# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60612
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2015

Lyle W. Cayce
Clerk

RAUL FERRUSCA-VEGA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 244 014

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raul Ferrusca-Vega (Ferrusca), a citizen and native of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge denying his application for cancellation of removal. Ferrusca argues that he was statutorily eligible for cancellation of removal because his conviction for a crime involving moral turpitude occurred more than five years after he entered the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60612

He asserts that the plain language of 8 U.S.C. § 1227(a)(2)(A)(i) encompasses only crimes involving moral turpitude that are committed within five years after the date of an alien's admission and that, therefore, he has not been convicted of an offense under § 1227(a)(2)(A)(i) that renders him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). He maintains that the deference normally given to the BIA's interpretation of immigration law is inapplicable in this case because the BIA's ruling was contrary to the plain language of the relevant statutes.

A panel of this court has previously rejected the argument raised by Ferrusca. *See Nino v. Holder*, 690 F.3d 691, 696-98 (5th Cir. 2012). We cannot overrule that decision absent an intervening statutory change, Supreme Court decision, or en banc decision of this court. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

PETITION FOR REVIEW DENIED.