# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MONTES-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:13-CR-118-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pedro Montes-Lopez entered a conditional guilty plea to transporting an undocumented alien and was sentenced to be imprisoned for the time served. Montes-Lopez waived his right to appeal his conviction and sentence on any ground other than the denial of his motion to suppress.

Montes-Lopez argues that the district court erred in determining there was reasonable suspicion to support his traffic stop. He was stopped for driving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the left lane 4.7 miles after a sign warning drivers that the left lane was for passing only.  (The parties concede that driving without passing in the left lane violates Texas law only if the defendant passes a warning sign to that effect.)

A stop is supported by reasonable suspicion when "the totality of the circumstances" reflects "some minimal level of objective justification" for it that is "based on specific and articulable facts" and not only a "mere hunch." *United States v. Castillo*, 804 F.3d 361, 364 (5th Cir. 2015) (internal quotation marks and citation omitted), *cert. denied,* No. 15-8238, 2016 U.S. LEXIS 1881 (Mar. 21, 2016).   When reviewing whether a stop was supported by reasonable suspicion, we "take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  *Id.* at 364 (*quoting Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

As Montes-Lopez has not shown a clear error in the district court's factual findings, which were based on the dashboard video, the officer's testimony, and its own observations, they are entitled to deference.  *Id.* at 367.  The only relevant difference between this case and *Castillo* is the even shorter distance between the warning sign and the location Montes-Lopez was first observed travelling in the left lane.  "The court's conclusion that it was more likely than not that [Montes-Lopez's] car passed the sign takes into account the totality of the circumstances and evaluates the Government's justification for specific, articulable facts."  *Id.*  We are bound by the holding in *Castillo*. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (one panel of the Fifth Circuit cannot overrule another absent an intervening change in the law).  The judgment of the district court is AFFIRMED.