SF MARKETS, L.L.C., doing business as Sprouts Farmers Market, Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner

No. 16-60186

United States Court of Appeals, Fifth Circuit.

Date Filed: 07/26/2016

Daniel B. Pasternak, Esq., Squire Patton Boggs, L.L.P., Phoenix, AZ, Shana Lynn Merman, Squire Patton Boggs (US), L.L.P., Houston, TX, for Petitioner Cross-Respondent.

Linda Dreeben, Esq., Deputy Associate General Counsel, Jared David Cantor, Attorney, Kira Dellinger Vol, National Labor Relations Board, Appellate & Supreme Court Litigation Branch, Washington, DC, Olivia Garcia, Los Angeles, CA, for Respondent Cross-Petitioner.

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the opposed renewed motion of the petitioner cross-respondent for summary disposition is GRANTED.

JAMES L. DENNIS, Circuit Judge, concurring.

I must concur with my colleagues to the extent *Murphy Oil USA, Inc. v. NLRB*, 808 F.3d 1013 (5th Cir. 2015), and *D.R.* *Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013), control this panel's disposition. *See, e.g., Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("[O]ne panel of our court may not overturn another panel's decision, absent an intervening change in the law. . . ." (citation omitted)). However, I write separately to urge the full court to reconsider the question presented by this case in light of the Seventh Circuit's recent opinion in *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016).

A panel of this court has held that the National Labor Relations Board did not give "proper weight" to the Federal Arbitration Act ("FAA") in determining that employment contracts prohibiting collective actions in any arbitral or judicial forum violate the National Labor Relations Act ("NLRA"). *D.R. Horton*, 737 F.3d at 348. In so doing, the panel relied heavily on the Supreme Court's holding in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). *See D.R. Horton*, 737 F.3d at 359. *Concepcion*, however, held that the FAA preempts state laws that interfere with arbitration agreements. 563 U.S. at 352, 131 S.Ct. 1740. As the inquiry here involves two potentially conflicting federal statutes, extensive reliance on *Concepcion* was unwarranted. I believe that Chief Judge Wood's opinion in *Lewis* frames the issue more appropriately by analyzing the FAA and the NLRA pursuant to a strong presumption of reconcilability. 823 F.3d at 1158; *accord In re Mirant Corp.*, 378 F.3d 511, 517 (5th Cir. 2004) ("When faced with a conflict between two statutes, courts must attempt to interpret them so as to give effect to both statutes." (citing *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974))). In light of this presumption, the saving clause of the FAA, 9 U.S.C. § 2, which states an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract[,]" should more than suffice to reconcile the FAA with the Board's interpretation of the NLRA. *See Lewis*, 823 F.3d at 1157.

Given the inter-circuit conflict generated by the well-reasoned opinion in *Lewis*, I urge our court to reconsider this issue en banc.