# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60034

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2016

Lyle W. Cayce
Clerk

EMPLOYERS RESOURCE,

      Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

      Respondent Cross-Petitioner

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Employers Resource ("Employers") is a company that provides payroll and other personnel services to businesses. Employers required new clients to complete an enrollment packet. One form within the packet was an "Employment Agreement," which included an arbitration provision requiring that clients' employees submit "any claim" against Employers for adjudication "exclusively by binding arbitration." Talina Torres ("Torres"), an employee of one of Employers' clients, filed a class-action wage and hour suit in California

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state court against Employers and others. Employers moved to compel individual arbitration of Torres' suit, contending that the arbitration provision of the Employment Agreement did not cognize class arbitration. The state court granted the motion and dismissed the case against Employers.

Based on a charge Torres filed, the National Labor Relations Board's ("Board") General Counsel issued a complaint alleging that Employers had violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). An administrative law judge ("ALJ") agreed, holding that an arbitration provision mandating individual arbitration—and therefore effectively foreclosing class-action in any forum—violates Section 8(a)(1). Relying on its own precedent, a panel of the Board affirmed the ALJ's unfair-labor-practice finding.

*     *     *

In affirming the ALJ, the Board relied on its decisions in *D.R. Horton, Inc.*, 357 N.L.R.B. 2277 (2012), *enforcement denied in relevant part*, 737 F.3d 344 (5th Cir. 2013), *petition for reh'g en banc denied*, 5th Cir. No. 12-60031 (April 16, 2014), and *Murphy Oil USA, Inc.*, 361 N.L.R.B. No. 72, 2014 WL 5465454 (Oct. 28, 2014), *enforcement denied in relevant part*, 808 F.3d 1013 (5th Cir. 2015), *petition for reh'g en banc denied*, 5th Cir. No. 14-60800 (May 13, 2016). The Board concedes that this court has squarely rejected both of those decisions, and that our precedents necessitate rejecting its arguments here. The Board further acknowledges that it seeks to manufacture a circuit split in order to "facilitate Supreme Court review."[1]

---

[1] We held in *D.R. Horton* and *Murphy Oil* that the Federal Arbitration Act ("FAA") mandates enforcement of arbitration provisions such as the one at issue here. Some of our sister circuits have recently disagreed. *See Morris v. Ernst & Young, LLP*, No. 13-16599, 2016 WL 4433080 (9th Cir. Aug. 22, 2016); *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1157-60 (7th Cir. 2016); *see also Patterson v. Raymours Furniture Co.*, No. 15-2820-cv, 2016 WL 4598542, at *2 (2d Cir. Sep. 2, 2016) (concluding that Second Circuit precedent necessitated holding

No. 16-60034

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). The Board concedes that no such intervening change in the law has occurred since our decisions in *D.R. Horton* and *Murphy Oil*. Consequently, Employers' Petition for Review is GRANTED. The Board's Cross-Application for Enforcement is DENIED.

---

that the FAA requires enforcement, but noting that, if the panel were "writing on a clean slate, [it] might be persuaded . . . to join the Seventh and Ninth Circuits").