ACUITY SPECIALTY PRODUCTS, IN-CORPORATED, doing business as Zep, Incorporated, Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner

No. 16-60367

United States Court of Appeals, Fifth Circuit.

Filed April 20, 2017

Thomas S. Giotto, David J. Strauss, Buchanan Ingersoll & Rooney, P.C., Pittsburgh, PA, Kelly Haze Kolb, Esq., Buchanan Ingersoll & Rooney, P.C., Fort Lauderdale, FL, for Petitioner Cross-Respondent

Linda Dreeben, Esq., Deputy Associate General Counsel, Gregoire Sauter, Kira Dellinger Vol, National Labor Relations Board, Appellate & Supreme Court Litigation Branch, Washington, DC, George P. Velastegui, National Labor Relations Board, Oakland, CA, for Respondent Cross-Petitioner

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

A panel of the National Labor Relations Board (Board) declared Acuity Specialty Products, Inc., d/b/a Zep, Inc.'s (Zep) alternative dispute resolution policy unlawful because it "requires employees to waive their rights to pursue class or collective actions involving employment-related claims in all forums, whether arbitral or judicial," and could be reasonably construed by employees as barring or restricting their right to file unfair labor practice charges with the Board. Zep petitioned this court for review of the Board's order. The Board filed a cross-application for enforcement of its order.

The Board admits that its order directly contravenes our decisions in *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013), and *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015).[1] Those decisions hold that "an employer does not engage in unfair labor practices by maintaining and enforcing an arbitration agreement prohibiting employee class or collective actions and requiring employment-related claims to be resolved through individual arbitration." *Murphy Oil*, 808 F.3d at 1016 (citing *D.R. Horton*, 737 F.3d at 362). Notwithstanding the Board's request that we reevaluate those decisions, this court is bound by its prior published opinions. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of order-

---

1. This issue is currently before the Supreme Court, which recently consolidated and grant-ed certiorari in *Murphy Oil* and two other cases. *See N.L.R.B. v. Murphy Oil USA, Inc.*, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017); *Ernst & Young, LLP v. Morris*, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017); *Epic Sys. Corp. v. Lewis*, — U.S. —, 137 S.Ct. 809, 196 L.Ed.2d 595 (2017).

liness that one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

Zep also challenges the Board's conclusion that the policy violates the National Labor Relations Act because "employees reasonably would believe that it bars or restricts their right to file unfair labor practice charges with the Board." The agreement states that certain "covered claims" are subject to the class-waiver provision, and provides a comprehensive list of what qualifies as a "covered claim." It explicitly excludes "matters within the jurisdiction of the National Labor Relations Board" from coverage under the agreement. Further bolstering the clarity of the exclusion is its location below a section heading titled, "WHAT IS NOT A COVERED CLAIM?" If there be any doubt, Zep asserts, and we agree, that this provision does not bar the bringing of unfair labor practice claims.

Accordingly, Zep's petition for review of the Board's order is **GRANTED** and the Board's cross-application for enforcement of its order is **DENIED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.