**REVISED November 26, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2019

Lyle W. Cayce
Clerk

No. 19-50423
Summary Calendar

CONSUELO CERVANTES,

Plaintiff - Appellant

v.

EL PASO HEALTHCARE SYSTEM, also known as Del Sol Medical Center, a
Campus of Las Palmas Del Sol Healthcare,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 3:18-CV-111

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Consuelo Cervantes appeals the district court's grant of summary
judgment, arising out of a dispute from her visit to the emergency room at the
Del Sol Medical Center. Cervantes alleges that she was improperly discharged

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50423

from the hospital in violation of the Emergency Medical Treatment and Labor Act. For the following reasons, we AFFIRM the district court's grant of summary judgment.

## I.

On April 9, 2016, Consuelo Cervantes visited the emergency room at Del Sol Medical Center ("Del Sol") because of abdominal pain. Dr. Shariq Khan conducted a physical examination and laboratory tests and then ordered a CT scan of her abdomen. Dr. Khan concluded that Cervantes had a recurrent ventral hernia, and treated her with Valium, hydromorphone, and sodium chloride. Hours later, Dr. Khan reevaluated Cervantes and found that her condition had improved and that her pain had decreased. Dr. Khan determined that Cervantes did not have an emergency medical condition and therefore discharged Cervantes with prescriptions for tramadol and Zofran to treat pain and nausea.

The next day, Cervantes returned to Del Sol, again complaining of abdominal pain. Dr. Khan reexamined Cervantes and concluded that she needed surgery. Cervantes requested that Dr. Gomez, her previous surgeon, perform the surgery. After Dr. Khan concluded that Cervantes's medical condition was stabilized, she went to another hospital to undergo surgery, as Dr. Gomez could not perform the surgery at Del Sol.

Cervantes later filed suit, asserting that Del Sol violated the Emergency Medical Treatment and Labor Act ("EMTALA"). This statute requires hospitals to conduct appropriate medical screening examinations to determine that patients are not suffering from medical emergencies before they are discharged. 42 U.S.C. § 1395dd. Cervantes alleged that she received an inappropriate medical screening examination on April 9, and that she was wrongfully discharged because she had an emergency medical condition. Del Sol moved for summary judgment, asserting that Cervantes's discharge was

permissible because she received an appropriate medical examination that led to Dr. Khan's conclusion that there was no medical emergency. The district court granted summary judgment to Del Sol, and Cervantes timely appealed.

## II.

We review a grant of summary judgment de novo. *Guilbeau v. Hess Corp.*, 854 F.3d 310, 311 (5th Cir. 2017). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute "is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment bears the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact." *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In reviewing a motion for summary judgment, we construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (citation omitted).

## III.

## A.

Under the EMTALA, hospital emergency rooms "must provide for an appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists" before discharging a patient. 42 U.S.C. § 1395dd(a). An "appropriate medical screening examination" is judged by "whether it was performed equitably in comparison to other patients with similar symptoms" rather than "its proficiency in accurately diagnosing the patient's illness." *Marshall ex rel. Marshall v. E. Carroll Par. Hosp. Serv. Dist.*, 134 F.3d 319, 322 (5th Cir. 1998). This is because the EMTALA "was not

intended to be used as a federal malpractice statute, but instead was enacted to prevent 'patient dumping', which is the practice of refusing to treat patients who are unable to pay." *Id.* Consequently, a hospital is not liable if it provides an appropriate medical screening examination and determines that the patient does not have an emergency medical condition.[1] *Id.* This is true "even if the physician . . . made a misdiagnosis" that would constitute negligence or medical malpractice. *Id.*

The plaintiff bears the burden of proof in demonstrating "that the Hospital treated her differently from other patients." *Id.* at 323-24. Our unpublished opinion in *Fewins v. Granbury Hosp. Corp.*, 662 F. App'x 327 (5th Cir. 2016), discusses three ways that plaintiffs may carry this burden:

> (1) the hospital failed to follow its own standard screening procedures; or (2) there were differences between the screening examination that the patient received and examinations that other patients with similar symptoms received at the same hospital; or (3) the hospital offered such a cursory screening that it amounted to no screening at all.

*Id.* at 331 (internal quotation marks omitted) (quoting *Guzman v. Mem'l Hermann Hosp. Sys.*, 409 F. App'x. 769, 773 (5th Cir. 2011)).

## B.

Cervantes asserts that Del Sol violated the EMTALA by failing to perform an appropriate medical screening examination. Specifically, she argues that an appropriate medical exam must be "designed to arrive at a reasonable clinical diagnosis." In support of this claim, Cervantes urges the court to read the "clear, plain text of the statute" rather than rely on Fifth Circuit opinions that have "imported foreign definitional content into the

---

[1] If the examination creates "actual knowledge" of an emergency condition, the hospital must attempt to stabilize the condition or appropriately transfer the patient to another medical facility to avoid liability. *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 558-59 (5th Cir. 2000); *see* § 1395dd(b)(1).

statute." Under her interpretation of 42 U.S.C. § 1395dd(a), Del Sol violated the EMTALA because Dr. Khan misdiagnosed her and therefore did not arrive at a reasonable clinical diagnosis before she was discharged. In addition, Cervantes argues that Dr. Khan should have obtained advice from the on-call surgeon, consulted another physician, reviewed medical literature, and taken other unspecified "affirmative steps" when diagnosing her.

Nonetheless, "[i]t is a well-settled Fifth Circuit rule . . . that one panel of our court may not overturn another panel's decision, absent an intervening change in the law." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Moreover, Cervantes cites no authority in favor of her interpretation of § 1395dd(a). We therefore must reject Cervantes's interpretation and instead apply our own.

Under our precedent, Cervantes fails to demonstrate how her medical screening examination was inappropriate. She has not argued "that the Hospital treated her differently from other patients." *Marshall*, 134 F.3d at 323-24. Similarly, she has not described how Del Sol "failed to follow its own standard screening procedures" or "offered such a cursory screening that it amounted to no screening at all." *Fewins*, 662 F. App'x at 331 (citation omitted).

Instead, Cervantes's argument amounts to a critique of Dr. Khan's April 9 diagnosis. This argument falls short. The EMTALA is not a federal malpractice statute. A physician's misdiagnosis, even if it could constitute negligence or medical malpractice, does not create an EMTALA claim. Consequently, the district court correctly determined that Del Sol did not violate the EMTALA.

## IV.

For the foregoing reasons, we AFFIRM the district court's dismissal of Cervantes's claims against Del Sol.