# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2021

Lyle W. Cayce
Clerk

No. 19-51056

CITY OF SCHERTZ,

*Plaintiff—Appellant*,

*versus*

UNITED STATES DEPARTMENT OF AGRICULTURE, *acting by and through* KEVIN SHEA, *Acting Secretary of Agriculture*; RURAL UTILITIES SERVICE, *acting by and through* DANIEL TORRES, *Acting State Director*; GREEN VALLEY SPECIAL UTILITY DISTRICT,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-1112

Before HAYNES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Green Valley Special Utility District ("GVSUD") obtained a federal loan in 2003 to provide water within its South Texas service territory. Under 7 U.S.C. § 1926(b), that loan triggered monopoly protection for "[t]he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

service provided or made available" by GVSUD. *See Green Valley Special Util. Dist. v. City of Schertz* ("*Green Valley*"), 969 F.3d 460, 475, 477 (2020) (en banc). Years of litigation ensued between GVSUD and various municipalities that sought to provide utility services themselves. In 2017, we held the 2003 water loan protected GVSUD's exclusive provision of both water and wastewater services. *Green Valley Special Util. Dist. v. City of Cibolo* ("*Cibolo*"), 866 F.3d 339, 341–43 (5th Cir. 2017) (concluding "[t]he service" means "any service made available by a federally indebted utility"). Now, GVSUD seeks a new federal loan, this time to fund wastewater services. The City of Schertz sued to enjoin the closing of the loan, arguing the accompanying monopoly would prevent the City from providing wastewater services to its residents and stifle its plans for growth. The district court dismissed for lack of standing. It concluded that, under our *Cibolo* decision, the 2003 loan already insulates GVSUD from competition in providing wastewater services such that the new loan could not cause the City any cognizable Article III injury.

On appeal, the City concedes it lacks standing to challenge the new loan if *Cibolo*'s interpretation of "[t]he service" in § 1926(b) remains binding. It does. In *Green Valley*, our en banc Court declined to overrule that part of *Cibolo*, though a dissenting minority would have done so. *See Green Valley*, 969 F.3d at 478 n.39; *see also id.* at 479 (Owen, C.J., concurring in part and dissenting in part). We are unpersuaded by the City's arguments that recent Supreme Court cases interpreting the word "the" have somehow fatally undermined *Cibolo*'s interpretation of § 1926(b), such that we need not follow it. *See, e.g.*, *Nielsen v. Preap*, 139 S. Ct. 954, 965 (2019) (explaining that "the" "indicat[es] that a following noun . . . is definite or has been previously specified by context" (citation omitted)). The rule of orderliness therefore compels this panel adhere to *Cibolo*. *See Planned Parenthood v.*

No. 19-51056

*Kauffman*, 981 F.3d 347, 369 (5th Cir. 2020) (en banc) (quoting *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)).

AFFIRMED.