# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60429
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Blake Coulston,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:20-CR-47-1

---

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Daniel Blake Coulston appeals the 210-month, within-guidelines sentence imposed following a guilty plea to distribution of child pornography. He argues that the district court imposed a substantively unreasonable sentence and failed to properly weigh the 18 U.S.C. § 3553(a) sentencing factors. This argument was not presented to the district court, and he did

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not request a downward variance.  We therefore review for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To establish plain error, an appellant must show that the district court committed a clear or obvious error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Coulston has failed to show that there was any error in the district court's balancing of the sentencing factors, let alone showing an error that affected his substantial rights.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also Puckett*, 556 U.S. at 135.  The district court properly addressed all relevant factors and explained its reasons for the imposed sentence.  We will not reweigh the sentencing factors, as Coulston requests. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (per curiam). To the extent Coulston encourages us to apply a different standard of review on appeal or alter the substantive reasonableness analysis, such is prohibited by our rule of orderliness.  *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

AFFIRMED.