# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-11027
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2025

Lyle W. Cayce
Clerk

STEVE VAN HORNE,

*Plaintiff—Appellant*,

*versus*

JUDGE ROBERT JONES, *also known as* BOB JONES; TYLER CAGEL, *Assistant District Attorney*; JUSTICE OF THE PEACE PRECINCT 2,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CV-17

————————————————————————

Before DENNIS, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Steve Van Horne is a member of an "unincorporated self-governed, free religious society" which he alleges prohibits him from obtaining a driver's license. Van Horne filed this lawsuit alleging that Defendant-Appellees Judge Robert Jones, Assistant District Attorney Tyler Cagel, and Justice of the Peace Precinct 2 violated his rights

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

when they prosecuted him for driving without a license. On March 7, 2023, the district court denied Van Horne's request to proceed in forma pauperis and ordered him to pay the required filing fee within thirty days. Van Horne then filed a Notice of Unavailability, stating that he would be unable to reply to any correspondence from the court from March 31, 2023, to May 26, 2023, due to his attendance at a spiritual retreat. On April 11, 2023, after the deadline had passed to pay the necessary filing fee, the court granted Van Horne a fourteen-day extension and warned him that failure to pay would result in dismissal. After fourteen days, the court dismissed Van Horne's claims without prejudice for failure to pay the required filing fee. Van Horne filed an untimely notice of appeal on June 1, 2023, which we dismissed for lack of jurisdiction. *Van Horne v. Jones*, No. 23-10593, 2023 WL 8598147 (5th Cir. July 14, 2023).

After we dismissed his appeal, Van Horne filed a motion to reinstate his claims in the district court, arguing that his appeal was timely filed and, alternatively, that his failure to timely appeal was a result of excusable neglect because he was unable to respond to the court's notice during his spiritual retreat. Construing Van Horne's request as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the district court denied the motion. The district court noted that the order requiring Van Horne to pay the filing fee was issued *before* Van Horne left on his religious retreat, meaning that there was no surprise. Additionally, the district court explained that while attending a two-month religious retreat is "undeniably" Van Horne's right, the assumption that he also "has a corresponding right to ignore a federal court case that he had filed only two months earlier . . . borders on the absurd." Van Horne timely appealed.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018). First, we must reject Van Horne's arguments regarding timeliness because we have already held

No. 24-11027

that his appeal was untimely. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."). Second, Van Horne's unilateral decision to attend a religious retreat where he was unable to communicate with the court is not an "extraordinary circumstance[]" justifying reinstatement of his case. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

We AFFIRM.