# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

No. 24-30036

United States of America,

*Plaintiff—Appellant*,

*versus*

Timothy LeBlanc,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CR-45-1

_____

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant–Appellee Timothy LeBlanc was indicted under 18 U.S.C. § 922(g)(1) for possessing a firearm as a convicted felon. His prior felonies include theft and armed robbery. LeBlanc moved to dismiss the indictment, contending that § 922(g)(1) violates the Second Amendment both facially and as applied to him. The district court agreed and dismissed the charge. We REVERSE.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30036

I

In October 2022, Timothy LeBlanc was arrested for possessing a Sig Sauer 9mm pistol despite being a convicted felon. *See* La. Rev. Stat. § 14:95.1. His criminal record includes three Louisiana convictions: (1) a 2004 felony for theft over $500; (2) a 2008 felony for armed robbery; and (3) a 2019 misdemeanor for illegal carrying of weapons.

In May 2023, the U.S. Attorney's Office for the Middle District of Louisiana charged LeBlanc with one count of unlawful possession of a handgun in violation of 18 U.S.C. § 922(g)(1). He pleaded not guilty and moved to dismiss, contending that § 922(g)(1) was unconstitutional—both on its face and as applied to him—under the Supreme Court's framework in *New York State Rifle & Pistol Ass'n, Inc., v. Bruen*, 597 U.S. 1 (2022). The district court agreed in part, dismissing the indictment on the ground that § 922(g)(1) was unconstitutional as applied to LeBlanc under *Bruen*'s historical-analogue test. It further concluded that *Bruen* "render[ed] our prior precedent obsolete." *United States v. Rahimi*, 61 F.4th 443, 451 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023), *and rev'd and remanded*, 602 U.S. 680 (2024). The court did not address LeBlanc's facial challenge. The Government timely appealed.

II

We review preserved constitutional challenges *de novo*. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

III

The rule of orderliness provides that one panel of this court may not overturn another panel's decision "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (per curiam)

(quoting *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). "For a Supreme Court decision to satisfy this Court's rule of orderliness, it must 'be unequivocal, not a mere "hint" of how the Court might rule in the future.'" *Id.* (quoting *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)).

Last fall, in *United States v. Diaz*, 116 F.4th 458, 465 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025), we applied that rule and held that two of our prior precedents upholding § 922(g)(1) and (8)—*United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), *abrogated by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), and *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003), *abrogated by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)—were no longer good law. *Diaz* explained that "*Darrington* relied solely on *Emerson* for its Second Amendment analysis, and *Emerson* was decided based on the means-ends scrutiny that *Bruen* renounced." 116 F.4th at 465 (citing *Emerson*, 270 F.3d at 261; *Bruen*, 597 U.S. at 22–24). Because those decisions had "fallen unequivocally out of step with" intervening Supreme Court precedent, the panel concluded that "the law of orderliness mandate[d] that we abandon" this precedent. *Id.* (quoting *In re Bonvillian Marine Servs., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021)).

So too here. The rule of orderliness binds us to *Diaz*'s holding: *Darrington* and *Emerson* are no longer good law.

## IV

LeBlanc's facial challenge is foreclosed by *Diaz*. *Id.* at 471–72. So is his as-applied challenge, as we explain below.

## A

When evaluating an as-applied challenge under *Bruen*, we begin by asking whether the challenged law—§ 922(g)(1)—"impinges upon a right

protected by the Second Amendment." *Id.* at 463 (quotation omitted).[1] If it does, the burden shifts to the Government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17.

Here, that burden requires the Government show a longstanding historical tradition of disarming individuals whose criminal history is meaningfully analogous to LeBlanc's. *See Diaz*, 116 F.4th at 467; *United States v. Kimble*, 142 F.4th 308, 311 (5th Cir. 2025). To meet it, the Government need not unearth a "historical *twin*," but it must identify "a well-established and representative historical *analogue*." *Bruen*, 597 U.S. at 30.

B

To start, we look only to those predicate offenses under § 922(g)(1) that are "punishable by imprisonment for a term exceeding one year." *Diaz*, 116 F.4th at 467 (quoting § 922(g)(1)). That means assessing whether LeBlanc's prior Louisiana convictions for theft and armed robbery qualify. They plainly do.

Louisiana law states "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor *for not less than ten years* and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." La. Stat. Ann. § 14:64 (emphasis added). That statutory

---

[1] LeBlanc satisfies step one; § 922(g)(1) burdens conduct protected by the Second Amendment. In *Diaz*, we recognized that convicted felons are among "the people" protected by the Second Amendment and held that the "plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." 116 F.4th at 466–67. That reasoning applies here, despite the Government's arguments to the contrary. Therefore, as applied to LeBlanc, § 922(g)(1) impinges upon his right to bear arms protected by the Second Amendment.

range easily clears § 922(g)(1)'s threshold, so Le Blanc's armed-robbery conviction counts. As for theft, at the time of LeBlanc's offense in 2004, felony theft of more than $500 carried a penalty of up to 10 years' imprisonment. LA. STAT. ANN. § 14:67 (1999) (amended 2006). That too qualifies as a predicate felony under § 922(g)(1).

C

We next consider the Government's proposed historical analogues to § 922(g)(1) as applied to LeBlanc's felony convictions, asking whether they are "relevantly similar." *Bruen*, 597 U.S. at 29. That inquiry turns on whether the historical analogue and § 922(g)(1), as applied here, impose a comparable burden on the right to armed self-defense—and whether that burden is comparably justified. *See Diaz*, 116 F.4th at 467.

Our court has already performed this analysis for theft-related offenses. In *Diaz*, we addressed an as-applied challenge to § 922(g)(1) by a defendant who had served multiple sentences—three years for vehicle theft and evading arrest, and two more for possessing a firearm as a felon. *Id.* at 462. When arrested yet again with a gun, Diaz argued that § 922(g)(1) violated the Second Amendment. We disagreed. At the time of the Second Amendment's ratification, "at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relie[d] on—theft—was a felony and thus would have led to capital punishment or estate forfeiture." *Id.* at 469–70. Because "our country has a historical tradition of severely punishing people . . . who have been convicted of theft," we held that "[d]isarming Diaz fits within this tradition of serious and permanent punishment." *Id.* 468–70.

LeBlanc's predicate crimes—armed robbery and theft—are no less serious. Since *Diaz*, at least three of our panels have reaffirmed that *Diaz* forecloses as-applied challenges to § 922(g)(1) for theft-related felonies, including robbery and burglary. *See United States v. Schnur*, 132 F.4th 863,

871 (5th Cir. 2025) ("Based on [the petitioner's] two theft-related felony convictions, *Diaz* forecloses [his] as-applied challenge."); *United States v. Charles*, No. 23-50131, 2025 WL 416092, at *1 (5th Cir. Feb. 6, 2025), *cert. denied*, No. 24-7168, 2025 WL 1679039 (U.S. June 16, 2025) (same for theft conviction with a 60-month sentence); *United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024), *cert. denied*, No. 24-6497, 2025 WL 1787754 (U.S. June 30, 2025) (same for theft punishable by more than one year).

These precedents—and the history underpinning them—foreclose LeBlanc's as-applied challenge. Accordingly, we REVERSE the district court's dismissal of LeBlanc's indictment.

V

For the reasons above, the judgment of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.