# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2026

Lyle W. Cayce
Clerk

———————

No. 23-50731

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Manuel Banuelos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-903-1

_____

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.

Per Curiam:*

An indictment charged Luis Manuel Banuelos with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That charge was based on a 2005 state-court felony conviction for possession of between 50 and 2,000 pounds of marijuana. Banuelos moved to dismiss the federal indictment, arguing that § 922(g)(1) violates the Second Amendment as applied to his felony conviction of simple possession of marijuana. The

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court denied Banuelos's motion to dismiss and convicted him after a stipulated bench trial.  Banuelos now appeals the denial of his motion to dismiss.  Because intervening precedent holds that simple possession of drugs is an insufficient basis for permanent disarmament, we REVERSE the denial of Banuelos's motion to dismiss and VACATE Banuelos's conviction and sentence.

I

When the district court rejected Banuelos's challenge, it did not have the benefit of our decision in *United States v. Hembree*, 165 F.4th 909 (5th Cir. 2026).  There, we held that "the government did not meet its burden to prove that history and tradition support simple possession as a valid felony predicate under § 922(g)(1)." *Id.* at 918.  We accordingly are constrained to reverse Banuelos's conviction.  The government makes two arguments as to why *Hembree* is not controlling, but neither is persuasive.

A

*First*, the government argues that even though Banuelos was convicted only of simple possession in Texas state court, an examination of the facts underlying that conviction shows that Banuelos was trafficking in drugs. *See United States v. Kimble*, 142 F.4th 308, 318 (5th Cir. 2025) (holding that "Congress can categorically disarm individuals convicted of violent felonies like drug trafficking").

That approach is inconsistent with *Hembree*.  In *Hembree*, the government attempted the same argument, noting that "Hembree's prior conviction for simple possession [w]as necessarily the same as possession with intent to distribute" because Hembree was indicted for possession of methamphetamine with intent to distribute and pleaded that charge down to simple possession.  165 F.4th at 917.  Indeed, the government provided the court with reports from a prior investigation of Hembree that supported its

assertion that when Hembree was a prison guard, he possessed methamphetamine with the intent to distribute it to an inmate. *See* Response in Opposition to the Motion to Supplement the Record, *United States v. Hembree*, No. 24-60436 (5th Cir. Aug. 29, 2025), Dkt Nos. 87-1, 87-2. But we held that "[e]vidence of a potential greater charge does not support the government's historical reasoning because our binding caselaw restricts us to reviewing only Hembree's predicate conviction: possession of methamphetamine." *Hembree*, 165 F.4th at 917 (citing *Kimble*, 142 F.4th at 318).

*Hembree* is a published case, and we are bound to follow it. *See, e.g.*, *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."). *Hembree* did not look to the facts of the underlying predicate felony conviction, so we cannot either.[1]

B

*Second*, the government argues that we should consider a new historical analogue that *Hembree* did not: tobacco-related laws reflecting, in the government's characterization, "severe and permanent punishment for illegal possession of a substance." The government notes that "Virginia imposed the death penalty for all sorts of crimes relating to the tobacco trade—including embezzling tobacco, fraudulently delivering tobacco,

_____

[1] There is arguably some tension in our circuit as to whether it is permissible to look at the conduct underlying the predicate offense in assessing dangerousness and violence. *See United States v. Mancilla*, 155 F.4th 449, 451 n.1 (5th Cir. 2025) (noting "differences in approach" in our cases but following *Kimble*'s approach because, as a case with a drug-trafficking predicate offense, it was "directly on point").

altering inspected tobacco, forging inspectors' stamps, and smuggling tobacco." Stuart Banner, The Death Penalty: An American History 8 (2002). But the government's characterization that these statutes punish illegal *possession* is inaccurate. The statutes criminalize "embezzling," "delivering," "altering," "forging," and "smuggling." They do not criminalize the possession of tobacco, even tobacco that was the target of these enumerated acts.

According to the government, these laws also establish that "colonial laws severely and indefinitely punished knowing participants in illicit marketplaces." But even though *Hembree* may not have had this tobacco analogue before it, that case "decline[d] to reach so far as to find possession to be part and parcel with the drug trade." 165 F.4th at 918. And the Virginia statutes to which the government points say nothing about possession. Those statutes thus do not provide a basis for departing from *Hembree*.

## II

For the foregoing reasons, we REVERSE the denial of Banuelos's motion to dismiss and VACATE Banuelos's conviction and sentence.