# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2021

Lyle W. Cayce
Clerk

No. 20-20615
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVION LOVE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-299-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Davion Love pleaded guilty to: aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a), 2; and aiding and abetting using, carrying, and brandishing a firearm during, and in relation to, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. He was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentenced to, *inter alia*, 121 months' imprisonment. Love contends: the district court erred by imposing an abduction enhancement, pursuant to Sentencing Guideline § 2B3.1(b)(4)(A), based on his codefendant's conduct; and our court should align its flexible approach to the abduction enhancement with other circuits' interpretations.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Defendants are sentenced based on, *inter alia*, "relevant conduct", including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant". Guideline § 1B1.3(a)(1)(A) (outlining relevant-conduct factors determining Guidelines range). For "jointly undertaken criminal activity", relevant conduct includes "all acts and omissions of others": "within the scope" of the joint activity; "in furtherance" of it; and "reasonably foreseeable" to defendant. Guideline § 1B1.3(a)(1)(B).

For robbery offenses, the Guidelines provide a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape". Guideline § 2B3.1(b)(4)(A) (robbery). A person is abducted if "forced to accompany an offender to a different location". Guideline § 1B1.1, cmt. n.1(A); *see* § 2B3.1, cmt. n.1.

No. 20-20615

The movement of one person to another location within a building, if it facilitates robbery or escape from robbery, is sufficient to support an abduction enhancement. *See United States v. Johnson*, 619 F.3d 469, 471, 474 (5th Cir. 2010) (holding application of abduction enhancement proper). To facilitate commission of the robbery, Love's codefendant moved the store cashier by her hair and jacket to the back of the market. The codefendant's movement of the cashier was reasonably foreseeable to Love. *See* Guideline § 1B1.3(a)(1)(B); *Johnson*, 619 F.3d at 474. Accordingly, the court did not clearly err by applying the abduction enhancement to him. *See United States v. Bazemore*, 839 F.3d 379, 387 (5th Cir. 2016) (noting finding not clearly erroneous if "plausible in [the] light of the record as a whole" (citation omitted)).

Love's alternative contention, requesting our court "harmonize" our flexible interpretation of the abduction enhancement and remand, is foreclosed. Under our court's rule of orderliness, one panel of our court may not overturn an earlier panel's decision "absent an intervening change in the law, such as by a statutory amendment" or a decision of the Supreme Court or our court *en banc*. *E.g.*, *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

AFFIRMED.