# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2025

Lyle W. Cayce
Clerk

No. 24-40369

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Reyes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-890-1

_____

Before Elrod, *Chief Judge*, and King and Graves, *Circuit Judges*.
Per Curiam:

Appellant Luis Reyes pleaded guilty to, and was convicted of, violating 18 U.S.C. § 922(g)(1), the felon-in-possession statute. He raises on appeal constitutional issues in light of *Bruen* and *Rahimi*. We AFFIRM the district court on all grounds.

I

In April 2020, a Corpus Christi police officer observed a pickup truck illegally parked in an area known for gang activity and drug trafficking. Observing a male asleep in the driver's seat and noticing

that the truck's license plates had been altered, the officer ran a check of the license plates only to learn that the plates were registered to a different vehicle.  The officer called for backup, and when it arrived, both officers approached the truck—which was still running—and woke up the driver who was "startled" and began "reaching around the vehicle."   Because of the violations and the driver's furtive movements, the officers temporarily detained the driver.  The driver had neither a driver's license nor proof of insurance, so the truck was impounded pursuant to CCPD policy.  The officers later identified the driver as Appellant Luis Reyes.[1]

When the officers searched the truck, they found a .25 caliber semi-automatic pistol loaded with one round of ammunition in the inside pocket of a jacket laying right next to where Reyes had been sitting.  Reyes was arrested and charged with felony possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2]

In January 2024, Reyes pleaded guilty to violation of § 922(g)(1) and entered a conditional plea agreement pursuant to Federal Rule of Criminal Procedure 11(a)(2).[3]   Under that agreement, Reyes

---

[1] The officers conducted a record check which revealed that Reyes did not have a driver's license and was a documented member of the Texas Syndicate prison gang and a convicted felon.

[2] After taking Reyes into custody, officers found a clear plastic bag containing 1.96 grams of heroin in the backseat of the patrol car where Reyes had been sitting.  Reyes was not charged for the heroin.

[3] As part of his guilty plea, Reyes stipulated to certain facts.  Specifically, Reyes stipulated and agreed that he: (1) "knowingly possessed a firearm and ammunition"; (2) "before [he] possessed the firearm and ammunition, [he] had been convicted in a court of

"knowingly and voluntarily waive[d]" his "right to appeal or 'collaterally attack' [his] conviction and sentence, except that [he did] not waive the right to raise a claim of ineffective assistance of counsel on direct appeal . . .."[4] Reyes also there acknowledged that, should he attempt to appeal his sentence or collaterally attack either his sentence or conviction except as specifically allowed under the agreement, "the United States w[ould] assert its rights . . . and seek specific performance of the[] waivers" contained therein.

Arguing that § 922(g)(1) is unconstitutional both "as applied" to him and on its face, Reyes filed a motion to dismiss the indictment. Reasoning that, based on its review of cases that "both pre and postdate *Bruen*," "*Bruen* does not render Section 922(g)(1) unconstitutional," the district court denied Reyes's motion. So, because Reyes "sign[ed] a plea agreement," despite his "criminal history and the circumstances," the district court sentenced Reyes to 41 months of imprisonment to be followed by a three-year term of supervised release.[5]

_____

a crime punishable by imprisonment for a term in excess of one year"; (3) "at the time [he] possessed the firearm and ammunition, [he] knew [he] had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year"; and (4) "the firearm and ammunition [he] possessed traveled in interstate commerce; that is, *before [he] possessed* the firearm and ammunition, it traveled at some time from one state to another." (emphasis added).

[4] Reyes further acknowledged that the only "exception" to the waiver of his right to appeal was his "Motion to Dismiss (Dkt. No. 29)," which was "specifically preserved for appeal."

[5] The district court also found that, under the terms of the plea agreement, Reyes waived his right to an appeal.

No. 24-40369

## II

## A

Reyes argues that "§ 922(g)(1), on its face violates the Second Amendment because firearm possession is protected by the plain text of the Amendment" and as such, his conviction should be vacated. But "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (quoting *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)). Thus, as Reyes concedes,[6] we are bound by our prior precedents and conclude that this issue is foreclosed.

## B

Reyes further urges that his conviction should be vacated on the basis that, as to him, § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. In this regard, Reyes maintains that because § 922(g)(1) allows for a conviction based solely on a firearm's manufacture outside of, and its subsequent transport into, the state of possession—regardless of whether he was himself involved in the transportation or economic activity associated with the purchase of that firearm—the statute is unconstitutional as applied to him.

_____

[6] Reyes acknowledges that this argument is foreclosed by our precedent and is therefore raised only for the purpose of being preserved for possible Supreme Court review.

No. 24-40369

Reyes acknowledges that because he raises it for the first time on appeal, this argument is subject to plain error review. *United States v. Toure*, 965 F.3d 393, 399 (5th Cir. 2020). Beyond this, "[w]e have long held that § 922(g) can be constitutionally applied where the 'in or affecting commerce' element is proved by showing the *firearm* had previously traveled across state lines without regard to the defendant's conduct." *United States v. Seekins*, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022); *see also United States v. Guidry*, 406 F.3d 314, 319 (5th Cir. 2005). Here too, Reyes acknowledges that his argument is foreclosed by this court's precedent and is raised only for the purpose of preservation for possible Supreme Court review. Thus, we need not reach the issue.

## C

Reyes also persists that his conviction should be vacated because, as applied to him, § 922 (g)(1) violates the Second Amendment in "the wake of *Bruen* and *United States v. Rahimi*."[7] "The record supports the conclusion that [Reyes] preserved an as-

---

[7] The government raises as a fourth issue on appeal, "[w]hether Reyes waived his right to bring an as applied challenge to 18 U.S.C. § 922(g)(1) . . .." Determination of whether Reyes preserved his right to raise an as-applied challenge of § 922(g)(1) on appeal is critical because we review "preserved challenges to the constitutionality of a criminal statute" *de novo*, but our review of unpreserved challenges is for plain error. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). While there is "[n]o bright-line rule . . . for determining whether a matter was raised below," the party wishing to "preserve an argument for appeal . . . must press and not merely intimate the argument during the proceedings before the district court." *United States v. Hearns*, 845 F.3d 641, 648 (5th Cir. 2017) (quotations omitted). We agree with Reyes that he raised an as-applied challenge in his motion to dismiss before the district court. As such, Reyes preserved his right to pursue that challenge again here. *United States v. Penn*, 969 F.3d 450, 459 (5th Cir. 2020).

applied challenge in his motion to dismiss," so we "review his as-applied challenge *de novo*." *United States v. Zinnerman*, 2025 WL 984605, at *2 (5th Cir. Apr. 2, 2025).

Reyes maintains that "[t]he government cannot demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to" his. He contends that "[t]here is considerable evidence that felons were actually included among those citizens to whom the Second Amendment was expressly directed," and § 922(g)(1) restricts his rights "more than would any historical and traditional laws that the government could possibly identify." But our Nation has a history of disarming those who, like Reyes, have been found to pose a credible threat to the physical safety of others. *United States v. Rahimi*, 602 U.S. 680, 700 (2024).

Prior to his arrest for the § 922(g)(1) charge at issue, Reyes had the following felony convictions: (1) evading arrest or detention using a vehicle; (2) two separate convictions for possession of cocaine; (3) delivery of cocaine; and (4) unlawful possession of a firearm by a felon. Following his engagement in the § 922(g)(1) conduct at issue here, Reyes was convicted of several other felonies, specifically: (1) two counts of possession of a controlled substance; (2) manufacturer/delivery of a controlled substance; and (3) evading arrest or detention with a vehicle. Reyes pleaded guilty to these new felonies in June 2022 and was sentenced to eight years deferred adjudication probation. And the Presentence Investigation Report reveals that Reyes has a violent criminal history including several other felony convictions extending back to 2007 when he was 16 years old.

Examples of Reyes's violent conduct include: (1) a 2008 felony conviction for evading arrest or detention;[8] and (2) in 2008, when he was sixteen years old, Reyes received a felony conviction for deadly conduct discharge of a firearm.[9]

Our caselaw suggests that the Nation has a longstanding tradition of disarming persons with criminal histories analogous to Reyes's. *See, e.g.*, *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024) (holding that § 922(g)(1) is constitutional as applied to defendant with prior felony conviction for aggravated assault); *United States v. Arredondo*, 2025 WL 1249901, at *1 (5th Cir. Apr. 30, 2025) (holding that § 922(g)(1) is constitutional as applied to defendant with prior felony conviction for, *inter alia*, robbery); *United States v. Davis*, 2025 WL 958265, at *2 (5th Cir. Mar. 31, 2025) (holding that § 922(g)(1) is constitutional as applied to defendant with conviction for misuse of firearms). Reyes's as-applied challenge fails.

------

[8] In April 2008, an officer was dispatched to an area in reference to a drive by shooting. The officer attempted to conduct a traffic stop, but the vehicle failed to yield, ran a stop sign, and continued to travel at a high rate of speed with its headlights off. When the vehicle finally stopped, Reyes was identified as the driver and taken into custody. Reyes pleaded guilty to evading arrest or detention and received three years deferred adjudication probation.

[9] In September 2007, officers responded to a report of shots fired at a residence. Upon arrival, the victim informed the officers that his vehicle, which was parked outside his residence, had five bullet holes in it. A witness informed the officers that he observed a vehicle occupied by two males driving slowly down the street before shooting at the victim's vehicle. Reyes was later identified as one of the two males involved in the shooting.

No. 24-40369

## III

Because application of 18 U.S.C. § 922 (g)(1) to Reyes "fits neatly" within our Nation's historical tradition of firearm regulation and does not violate the Commerce Clause, it is facially constitutional and constitutional as applied to Reyes.  Thus, it was not plain error for the district court to find as it did.  We AFFIRM Reyes's conviction and his sentence.