# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50104

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Orozco,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-29-1

———————————————————

Before Graves, Higginson, and Wilson, *Circuit Judges*.[*]

Cory T. Wilson, *Circuit Judge*:[†]

Antonio Orozco challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him based on his predicate felony convictions for importing and possessing with intent to distribute marijuana. Because Orozco's argument is foreclosed by our precedent, we affirm.

———————

[*] Judge Higginson concurs in the judgment only.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50104

## I.

Antonio Orozco pled guilty in 2012 to importing and possessing with intent to distribute marijuana after Department of Homeland Security special agents at a port of entry found 55 kilograms of marijuana concealed in the quarter panels, floorboard, and dashboard of a vehicle that Orozco drove into the United States from Mexico. Orozco was sentenced to 24 months on each count to be served concurrently.

In 2023, Orozco was arrested and later indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) following an alleged disturbance involving a weapon. Orozco initially pled guilty without a plea agreement, but he later moved for permission to withdraw his plea and moved to dismiss the indictment, asserting that § 922(g)(1) was unconstitutional on its face and as applied to him. The district court granted his motion for permission to withdraw his plea but denied his motion to dismiss.

Orozco subsequently entered a second guilty plea with an agreement in which he reserved the right to appeal the district court's denial of his motion to dismiss the indictment. *See* Fed. R. Crim. P. 11(a)(2). The district court sentenced Orozco to 20 months' imprisonment, which was below the guidelines range of 27 to 33 months, and to three years of supervised release. Orozco appealed.

## II.

Orozco asserts that § 922(g)(1) violates the Second Amendment as applied to him in the light of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), *United States v. Rahimi*, 602 U.S. 680 (2024), and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023). He also asserts that the firearm forming the basis for his § 922(g)(1) conviction was a common handgun that

he possessed for protection.  This court reviews constitutional challenges *de novo*.  *United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024).

After oral argument in this case, this court decided the similar case of *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025).  *Kimble* held that "disarming drug traffickers accords with the nation's history and tradition of firearm regulation," and affirmed Kimble's § 922(g)(1) conviction.  *Id.* at 309.  In doing so, this court also concluded that the conviction "accord[ed] with the Second Amendment because Congress can categorically disarm individuals convicted of violent felonies like drug trafficking."  *Id.* at 318.  And the court added:  "That conclusion does not depend on an individualized assessment that Kimble is dangerous.  We thus do not embrace the view that courts should 'look beyond' a defendant's predicate conviction 'and assess whether the felon's history or characteristics make him likely to misuse firearms.'"  *Id.* (citation omitted).  Because Orozco's predicate felonies involved drug trafficking, *Kimble* forecloses his challenge here.

Our dissenting colleague would conduct an individualized assessment of Orozco's dangerousness, or lack thereof, and vacate Orozco's conviction as unconstitutional.  The dissent contends that this court's rule of orderliness requires us to "appl[y] an individualized assessment" under *United States v. Reyes*, 141 F.4th 682 (5th Cir. 2025) (per curiam), rather than follow *Kimble*.  With greatest respect, this overreads *Reyes*.  In *Reyes*, this court concluded that Reyes had "been found to pose a credible threat to the physical safety of others" because "[o]ur caselaw suggests that the Nation has a longstanding tradition of disarming persons *with criminal histories analogous* to Reyes's."  141 F.4th at 686–87 (emphasis added) (noting Reyes's many "felony convictions," two of which especially exemplified "Reyes's violent conduct," and citing cases holding § 922(g)(1) constitutional as applied to defendants with different predicate felonies).  I therefore see no conflict between *Reyes* and *Kimble*.  *Kimble*, like the cases on which *Reyes* relied,

merely recognized another category of predicate felony conviction as "convey[ing] that [a felon] belongs to a class of dangerous felons that our regulatory tradition permits legislatures to disarm": "convictions for drug trafficking." 142 F.4th at 318.

Similarly, my concurring colleague, in laudably seeking to "give clarity to district judges," *post*, at 5, sees disharmony in this court's recent "scattershot Second Amendment approach" in assessing which predicate felonies may constitutionally lead to disarmament under § 922(g)(1), *see id.* at 6 (citing, *inter alia*, *United States v. Betancourt*, 139 F.4th 480, 483–84 (5th Cir. 2025); *United States v. Alaniz*, 146 F.4th 1240, 1242 (5th Cir. 2025)). But as with the dissent's reading of *Reyes* vice *Kimble*, any tension can be harmonized: *Betancourt*, *Alaniz*, and *Kimble* can all be read as examining, in the context of as-applied Second Amendment challenges to § 922(g)(1), the nature of a defendant's prior felony, or felonies, to determine whether that defendant "belongs to a class of dangerous felons that our regulatory tradition permits legislatures to disarm." *Kimble*, 142 F.4th at 318; *see, e.g.*, *Alaniz*, 146 F.4th at 1241–42 ("consider[ing] Alaniz's burglary conviction," and noting that "Founding-era burglary laws support the constitutionality of disarming felony burglary convicts"). I do not read these recent cases to turn on a "felon-by-felon dangerousness analysis." *Post*, at 6. And to the extent that our court has discussed a § 922(g)(1) defendant's underlying conduct, that analysis has been part and parcel of determining whether the law at issue is "relevantly similar" to a Founding-era analogue that led to disarmament. *See Bruen*, 597 U.S. at 29; *Rahimi*, 602 U.S. at 692.

In today's case, irrespective of our panel's divergence, *Kimble* forecloses Orozco's challenge. Accordingly, the judgment of conviction is

AFFIRMED.

STEPHEN A. HIGGINSON, *Circuit Judge*, concurring in judgment only:

Given our court's binding precedent in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025) (mem.), and in *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), I concur. *But cf. United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025) (Higginson, J., concurring) (collecting cases from other circuits deferring to the Supreme Court's repeated assurances that prohibitions on the possession of firearms by are presumptively lawful).

I write separately to caution that if we continue our judicial parsing of predicate felonies that count or don't count, we must give clarity to district judges, who adjudicate Second Amendment challenges to § 922(g)(1) prosecutions every day, whether in resolving dismissal motions, or accepting or rejecting guilty pleas, or instructing juries as to constitutionally valid § 922(g)(1) felony elements. *See Schnur*, 132 F.4th at 871 (Higginson, J., concurring); *United States v. Daniels*, 124 F.4th 967, 979 (5th Cir. 2025) (Higginson, J., concurring).

Presently, I fear our case-by-case pronouncements about qualifying or disqualifying predicates result in inconsistent and ambiguous guidance: sometimes we assess predicates at the categorical, felony-by-felony level, *see, e.g.*, *Diaz*, 116 F.4th at 472 ("At the time of the Second Amendment's ratification, those—like Diaz—guilty of certain crimes—like theft—were punished permanently and severely."); other times, we conduct a felony-conduct-by-felony-conduct analysis, identifying specific facts – sometimes pled to or proven beyond a reasonable doubt, but not always – related to the defendant's predicate felony offense *conduct* that suggest dangerousness, *see, e.g.*, *United States v. Betancourt*, 139 F.4th 480, 483–84 (5th Cir. 2025) ("The details of Betancourt's aggravated assault convictions show that his Second Amendment challenge must fail."); *United States v. Reyes*, 141 F.4th 682, 686

& nn.8–9 (5th Cir. 2025) (affirming Reyes's § 922(g)(1) conviction based on his "violent criminal history," pointing to the specific facts of two of his felony convictions); and, more recently, we have gestured at what I can only describe as a felon-by-felon dangerousness analysis, spotlighting indicia of dangerousness in any given defendant's full criminal history, seemingly not even confined to the charged, proven predicate felony offense conduct, *see, e.g.*, *United States v. Alaniz*, 146 F.4th 1240, 1242 (5th Cir. 2025) ("Considering 'a defendant's entire criminal record . . . makes sense, given that the government doesn't need to prove the specific predicate felony in securing a conviction under § 922(g)(1) in the first place.'" (quoting *United States v. Williams*, 113 F.4th 637, 660 (6th Cir. 2024), and citing *Pitsilides v. Barr*, 128 F.4th 203, 211 (3d Cir. 2025))). *But cf. Kimble*, 142 F.4th at 318 ("We thus do not embrace the view that courts should 'look beyond' a defendant's predicate conviction 'and assess whether the felon's history or characteristics make him likely to misuse firearms.'" (quoting *Pitsilides*, 128 F.4th at 211–12)).

Needless to say, this scattershot Second Amendment approach gives no clear test to district courts and, worse, gives no adequate notice to Americans who wish to possess firearms legally, without jeopardy of felony prosecution and jail.

6

JAMES E. GRAVES, JR., *Circuit Judge*, dissenting.

While I concurred in part and in the judgment of *United States v. Kimble*, 142 F.4th 308, 318-22 (5th Cir. June 30, 2025), I did so based on an individualized assessment of the facts of the case. The portion from which I dissented is at issue here. Thus, I respectfully dissent, consistent with what I previously wrote in *Kimble*, as well as the following.

*Kimble* was preceded by a similar case, *United States v. Reyes*, 141 F.4th 682 (5th Cir. June 24, 2025). In *Reyes*, this panel applied an individualized assessment in upholding the constitutionality of § 922(g)(1) by relying on *Reyes*' entire criminal history, including juvenile offenses, to conclude that *Reyes* posed a credible threat to the physical safety of others. *Id*. at 686-87. "It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)(citation omitted). Because the *Kimble* panel was without authority to overrule *Reyes*, I would conclude that *Reyes* is controlling.

In his concurring opinion, Judge Wilson argues that "this overreads *Reyes*," then notes Reyes' criminal history and many felony convictions that formed the basis of the individualized assessment applied in that case.[1] Clearly, Judge Wilson's own writing indicates that an individualized assessment was applied in *Reyes*.

Further, subsequent published decisions of this court have continued to rely on an individualized assessment of conduct. *See United States v. Alaniz*, 146 F.4th 1240, 1241-42 (5th Cir. 2025)("Considering a defendant's

---

[1] As indicated by footnote *, Judge Higginson concurs in judgment only. Thus, the opinion is only Judge Wilson's concurrence with affirmance.

entire criminal record makes sense, given that the government doesn't need to prove the specific predicate felony in securing a conviction under § 922(g)(1) in the first place.") (internal marks and citation omitted*); see also United States v. Morgan*, 147 F.4th 522, 528 (5th Cir. 2025)(relied on underlying "conduct forming the basis of his conviction," and concluded that consideration of "misdemeanors and other alleged conduct that did not result in qualifying convictions" was "permissible and revealing.").

There is simply no basis for concluding that the court will only do an individualized assessment so long as it supports a constitutional application. Thus, I would conclude that an individualized assessment of dangerousness is appropriate here.[2]  Moreover, I would conclude that Orozco's predicate conviction did not involve a weapon or violence.  For these reasons, I respectfully dissent.[3]

---

[2] That is particularly so when, as Orozco reiterated at oral argument, a firearm was not involved in his earlier marijuana offenses.

[3] Regarding Judge Higginson's concurrence, I agree with his views on the inconsistent and ambiguous guidance, and to the extent that he relies on authority I previously cited in *Kimble* and herein.