# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10912
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Isaac Barrientos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-75-1

_____

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Carlos Isaac Barrientos appeals following his guilty plea convictions for production of child pornography, 18 U.S.C. § 2251(a), (e), and possession of a machine gun, 18 U.S.C. §§ 922(o), 924(a)(2). He argues that (1) his appeal waiver does not bar his appeal because (a) it contains an implied exception for alleged constitutional errors of a fundamental nature, and (b) it

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

is invalidated by the district court's statement at sentencing that he had a right to appeal; (2) § 922(o) plainly exceeds Congress's power to regulate under the Commerce Clause (as applied to "Glock switches"); and (3) § 922(o) violates his Second Amendment right to bear arms. The Government has filed an unopposed motion for summary affirmance, arguing that this court does not recognize the exceptions to the appeal waiver identified by Barrientos and that the waiver is knowing and voluntary and thereby bars his constitutional challenges to his § 922(o) conviction. It argues in the alternative that Barrientos's constitutional challenges are foreclosed by this court's precedent.

We have held that there is no general exception to appeal waivers for constitutional challenges to a judgment, *see United States v. Barnes*, 953 F.3d 383, 388–89 (5th Cir. 2020), and we have rejected the argument that a district court's statement at sentencing that the defendant has a right to appeal vitiates his knowing and voluntary waiver of his right to appeal, *see United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001). That these issues are presently pending before the Supreme Court is of no moment because under this court's rule of orderliness, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." *United States v. Reyes*, 141 F.4th 682, 685 (5th Cir. 2025) (internal quotation marks and citation omitted). Thus, these issues are foreclosed.

Barrientos does not contend that his assent to the appeal waiver was otherwise unknowing or involuntary. Accordingly, his constitutional challenges to his convictions are barred by the appeal waiver, as the Government contends and Barrientos concedes. *See United States v. Nyandoro*, 146 F.4th 448, 457–60, 463, 460 n.47 (5th Cir. 2025), *petition for cert. filed* (U.S. Nov. 20, 2025) (No. 25-6218) (holding that appeal waiver foreclosed Commerce Clause challenge and challenge to constitutionality

of § 922(g)(3)). Because these challenges are barred by the appeal waiver, we need not decide whether they also are foreclosed by this court's precedent.

In light of the foregoing, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED and its alternative motion for an extension of time is DENIED. The judgment of the district court is AFFIRMED.