# United States Court of Appeals for the Fifth Circuit

---

No. 25-10565
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaterron Williamson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-260-1

---

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:

Jaterron Williamson appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). He contends that § 922(g)(1) is unconstitutional because it violates the Second Amendment as applied to him and exceeds Congress's authority under the Commerce Clause. The Government has filed an opposed motion for summary affirmance or, alternatively, for an extension of time to file a brief. Though Williamson's appeal can be resolved without further briefing, summary

No. 25-10565

affirmance is not appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022), and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025), Williamson contends that § 922(g)(1) violates the Second Amendment as applied to him because his prior felony offenses are not analogous to any colonial era offense punishable by execution or estate forfeiture. He asserts that because the district court erroneously concluded that pre-*Bruen* caselaw foreclosed his Second Amendment challenge, we should remand the case for the district court to apply the correct legal framework in the first instance. We do not agree.

Williamson had three prior felony convictions for "Deadly Conduct – Discharge Firearm at Individual." These offenses are closely analogous to the deadly conduct conviction that we relied on, in part, to reject an as-applied challenge to § 922(g)(1) in *United States v. Reyes*, 141 F.4th 682, 686–87 & n.9 (5th Cir. 2025). Although Williamson suggests that *Reyes* and a line of similar cases were wrongly decided, it is well-settled that one panel of this court "may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [the] en banc court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Accordingly, Williamson's as-applied challenge fails. *See id.* at 687. Additionally, Williamson correctly concedes that his Commerce Clause challenge is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

For these reasons, the Government's opposed motion for summary affirmance is DENIED; its alternative motion for an extension of time to file a brief is also DENIED, as unnecessary. The judgment of the district court is AFFIRMED.

No. 25-10565

DON R. WILLETT, *Circuit Judge*, joined by CORY T. WILSON, *Circuit Judge*, concurring:

Each of Williamson's constitutional challenges to 18 U.S.C. § 922(g)(1) fails under binding circuit precedent. We have squarely rejected both enumerated-powers and facial Second Amendment challenges to § 922(g)(1).[1] And the logic of our decision in *United States v. Reyes* dooms Williamson's as-applied Second Amendment challenge as well.[2] I therefore join the majority opinion, which faithfully applies our rule of orderliness to reject each of Williamson's arguments.

Even so, I remain doubtful that our precedent rejecting enumerated-powers challenges to § 922(g)(1) was correctly decided.[3] As a threshold matter, "Congress has no power to enact a comprehensive criminal code, . . . § 922[(g)], like every other federal statute, must be based on one or more of Congress's powers enumerated in the Constitution."[4] The

---

[1] *See United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996) (per curiam) (rejecting a Commerce Clause challenge to § 922(g)(1) after *United States v. Lopez*, 514 U.S. 549 (1995)); *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024) (rejecting a facial Second Amendment challenge to § 922(g)(1) after *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)).

[2] *See* 141 F.4th 682, 686–87 (5th Cir. 2025) (per curiam) (rejecting an as-applied challenge to § 922(g)(1) based on the defendant's "violent criminal history," including "a felony conviction for deadly conduct discharge of a firearm").

[3] *See United States v. Bonner*, 159 F.4th 338, 340–43 (5th Cir. 2025) (WILLETT, J., concurring); *United States v. Hembree*, 165 F.4th 909, 919–20 (5th Cir. 2026) (WILLETT, J., concurring); *cf. United States v. Wilson*, 164 F.4th 380, 389–94 (5th Cir. 2026) (WILLETT, J., concurring) (raising similar concerns about § 922(o)).

[4] *Wilson*, 164 F.4th at 391 (WILLETT, J., concurring) (cleaned up).

No. 25-10565

Interstate Commerce Clause[5] is a "natural first place to look."[6]  But the Clause's original meaning—adherence to which is "[t]he first and most important rule in constitutional interpretation"[7]—does not support § 922(g)(1).

Consider the ratification debates. How could the Federalists have assured skeptics that Congress lacked power to infringe individual rights[8]—including the right to "keep . . . Arms"[9]—if the mere exercise of that right were itself enough to trigger federal power?[10] If mere possession sufficed, the Commerce Clause would quietly—but completely—confer the very general police power the Constitution withholds from Congress. To be sure, the Supreme Court has embraced an "expansive interpretation of the commerce power."[11] But even that understanding extends only to "three general

---

[5] U.S. Const. art. I, § 8, cl. 3 ("The Congress shall have Power . . . [t]o regulate Commerce . . . among the several States . . . .").

[6] *Wilson*, 164 F.4th at 391 (WILLETT, J., concurring).

[7] *United States v. Rahimi*, 602 U.S. 680, 715 (2024) (KAVANAUGH, J., concurring).

[8] *See Hembree*, 165 F.4th at 918–19 (WILLETT, J., concurring).

[9] U.S. Const. amend. II; *see Range v. Att'y Gen.*, 69 F.4th 96, 106–07 (3d Cir. 2023) (PORTER, J., concurring), *cert. granted, judgment vacated sub nom.*, 144 S Ct. 2706 (2024) (mem.); WILLIAM RAWLE, A VIEW OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA 125 (2d ed. 1829) ("No clause in the Constitution could by any rule of construction be conceived to give to congress a power to disarm the people.").

[10] After all, "possess . . . firearm[s]," 18 U.S.C. § 922(g), is simply another way of saying "keep . . . arms." *See Diaz*, 116 F.4th at 467 ("The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1) . . . ."); *Duncan v. Bonta*, 83 F.4th 803, 813 n.2 (9th Cir. 2023) (BUMATAY, J., dissenting) ("[P]ossession of a firearm falls within the 'keep and bear' textual element and so it is conduct protected by the Second Amendment.").

[11] *Hembree*, 165 F.4th at 920 (WILLETT, J., concurring); *see also, e.g.*, *United States v. Darby*, 312 U.S. 100, 118 (1941) ("The power of Congress over interstate commerce is

categories of regulation"[12]—none of which includes "[m]ere possession of a firearm."[13] For that reason, I remain open to reconsidering our precedent insulating § 922(g)(1) from enumerated-powers challenges.

I also have doubts about whether *Reyes* fully accords with the framework we articulated in *United States v. Diaz* for evaluating as-applied Second Amendment challenges to § 922(g)(1). Under *Diaz*, we ask whether "at least one of the predicate crimes that [the] § 922(g)(1) conviction relies on . . . was a felony and thus would have led to capital punishment or estate forfeiture" at the Founding.[14] But our later cases have not uniformly followed that approach. Some—including *Reyes*—have instead applied a more generalized dangerousness inquiry.[15] Perhaps *Diaz*'s common-law-analogue test best captures our "historical tradition of firearm regulation."[16] Or

---

[12] *Gonzales v. Raich*, 545 U.S. 1, 16 (2005).

[13] *Bonner*, 159 F.4th at 341 (WILLETT, J., concurring).

[14] 116 F.4th at 469–70; *see United States v. Contreras*, 125 F.4th 725, 731 (5th Cir. 2025) ("[T]he *Bruen* inquiry, as articulated in *Diaz*, requires not only showing that someone convicted of any felony was punished in a comparable way but that someone convicted of an analogous felony was punished in a comparable way.").

[15] *See Reyes*, 141 F.4th at 686–87; *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024) (per curiam) ("The historical record demonstrates that legislatures have the power to prohibit dangerous people from possessing guns." (cleaned up)); *United States v. Kimble*, 142 F.4th 308, 312 (5th Cir. 2025) (rejecting the Government's argument that the defendant's "predicate felony [was] analogous to Founding-era felonies punishable by death or estate forfeiture" but nonetheless affirming because the offense was "an intrinsically dangerous felony").

[16] *Bruen*, 597 U.S. at 17; *cf. Bonner*, 159 F.4th at 344–45 (WILLETT, J., concurring) (observing that *Bruen* and *Rahimi* require courts to focus on "§ 922(g)(1) itself" rather than "a hypothetical, 'what-if' statute"). *But see id.* at 343–44 (warning against reliance on "historical laws that were, in no meaningful sense, 'firearm

---

not confined to the regulation of commerce among the states."); *Wickard v. Filburn*, 317 U.S. 111, 128–29 (1942) (upholding the use of the commerce power to regulate the growing of "wheat consumed on the farm where grown").

No. 25-10565

perhaps a more generalized dangerousness inquiry better captures that tradition.[17] Perhaps neither captures the tradition completely. Or perhaps each captures a distinct strand of it. For now, however, our cases send mixed signals about how district courts should analyze as-applied Second Amendment challenges to § 922(g)(1). In an appropriate case, our full court—or the Supreme Court—should supply the clarity this unsettled corner of Second Amendment law now lacks.

---

regulations'" and observing that "capital punishment is a 'firearm regulation' in only the loosest sense").

[17] *See, e.g.*, *Kanter v. Barr*, 919 F.3d 437, 451–69 (7th Cir. 2019) (Barrett, J., dissenting); *Folajtar v. Att'y Gen.*, 980 F.3d 897, 913–20 (3d Cir. 2020) (Bibas, J., dissenting); *United States v. Jackson*, 85 F.4th 468, 470–72 (5th Cir. 2023) (Stras, J., dissenting from the denial of rehearing en banc); *United States v. Williams*, 113 F.4th 637, 650–57 (6th Cir. 2024) (Thapar, J.); *Range v. Att'y Gen.*, 124 F.4th 218, 228–32 (3d Cir. 2024) (en banc) (Hardiman, J.).